

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 22, 1964

Honorable Jesse James
State Treasurer
Capitol Station
Austin, Texas

Opinion No. C-337

Re: Whether certain funds
received by the Treasurer
may now be deposited to
the General Revenue Fund
or whether recent amend-
ments to the Escheat
Laws require further
court action to escheat
these funds.

Dear Mr. James:

You have requested an opinion of this office involving the
following question:

Whether certain funds received by the Treasurer
may now be deposited to the General Revenue Fund
or whether recent amendments to the Escheat Laws
require further court action to escheat these funds.

Your letter of October 7, 1964, reads as follows:

"Pursuant to provisions of Order of the Court in
Cause No. 5461, 109th District Court of Winkler County,
Texas, styled State of Texas vs. J. A. Drane, et al.,
the State Treasurer received $14,790.00 on September
28, 1959. Also, pursuant to Order of the Court,
Cause No. 4562, in the District Court of Childress
County, Texas, covering probate matters of the Estate
of Frank Kloskey, the sum of $15,957.35 was received
on January 28, 1960.

"These sums have been held in suspense for the
purpose of facilitating payment of any claims that
might be made against the funds. No claims have been
made to date.

"By official opinion please advise whether these
funds may now be deposited to the General Revenue
Fund or whether recent amendments to the Escheat
Laws require further court action to escheat these
funds."

Judgments in the above styled cases under consideration were entered pursuant to then existing substantive and procedural escheat statutes of the State of Texas prior to enactment of Article 3272a, Vernon's Civil Statutes. If, taken as a whole and construed according to well-known rules, a judgment is unambiguous, no room is left for interpretation. Magnolia Petroleum Co. v. Caswell, 1 S.W.2d 597 (Comm.App., 1928). All property and subject matter of these actions escheated to and vested in the State of Texas in accordance with applicable escheat statutes.

Section 14 of Article 3272a, Vernon's Civil Statutes, provides:

"The provisions of this Article 3272a are in
addition and supplementary to and shall not be
construed to repeal, alter, change, or amend any
of the provisions of Articles 3273 to 3289, inclusive,
Title 53, Revised Civil Statutes of Texas, 1925,
which provide for the escheat of estates of decedents."

Section 14 of Article 3272a specifically provides that no changes were effected in Article 3273 through 3289, Vernon's Civil Statutes, which prescribe administrative procedures for substantive escheat laws enacted prior to Article 3272a. Deposit of monies received in escheat proceedings under substantive statutes enacted prior to Article 3272a is set forth in Article 3282 and as provided by Article 3272a, remains unchanged.

Article 3282 provides:

"If the property recovered be personal property,
a writ shall issue to the sheriff commanding him to
seize such property and he shall dispose of the same
by public auction in the manner provided by law for
the sale of personal property under execution, and pay
the proceeds of such sale less the costs of the
court, into the State Treasury."

Money escheated under the judgments in question entered during January of 1959 and January of 1960 should be deposited "into the State Treasury" by placing said property in the General Revenue Fund in accordance with procedures existing prior to passage of Article 3272a. Further court action is unnecessary to deposit this escheated money with the State of Texas.

## SUMMARY

Funds escheated pursuant to judgments entered under statutes enacted prior to passage of Article 3272a, Vernon's Civil Statutes, may now be deposited to the General Revenue Fund, as no further court action is necessary.

Very truly yours,

WAGGONER CARR
Attorney General

By *Gordon Houser*

Gordon Houser
Assistant

GH:ml

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
W. O. Shultz
John Reeves
John Fainter

APPROVED FOR THE ATTORNEY GENERAL
By: Roger Tyler